JOSÉ A. CAJBRANES, Circuit Judge,
with whom Judge PETER W. HALL joins, concurring:
The holding in this case comes down to this: an Indian tribe can purchase land (including land that was never part of a reservation); refuse to pay lawfully-owed taxes; and suffer no consequences because the taxing authority cannot sue to collect the taxes owed.[1]
This rule of decision defies common sense. But absent action by our highest Court, or by Congress, it is the law. In the last twenty years, the Supreme Court *164 has twice held that, although states may have a right to demand compliance with state laws by Indian tribes, they lack the legal means to enforce that right. See Kiowa Tribe of Okla. v. Mfg. Tech., Inc., 523 U.S. 751, 755, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998) (“There is a difference between the right to demand compliance with state laws and the means available to enforce them.”); Okla. Tax Comm’n v. Citizen Band Potawatomi Indian Tribe of Okla., 498 U.S. 505, 514, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991) (holding that states have a right to collect taxes on certain cigarette sales on an Indian reservation, but the tribe is immune from suit seeking to enforce that right). In light of this unambiguous guidance from the Supreme Court, I am bound to concur with the conclusion that, although the Counties may tax the property at issue here, see City of Sherrill, N.Y. v. Oneida Indian Nation of N.Y., 544 U.S. 197, 125 S.Ct. 1478, 161 L.Ed.2d 386 (2005), they may not foreclose on those properties because the tribe is immune from suit.
This result, however, is so anomalous that it calls out for the Supreme Court to reconsider Kiowa and Potawatomi I wish that we were empowered to revisit those decisions, but, alas, that is not a privilege extended to intermediate appellate courts. If law and logic are to be reunited in this area of the law, it will have to be done by our highest Court, or by Congress.
Accordingly, I concur in the judgment of the Court and in the careful and comprehensive opinion of Judge Sack.

. The Department of the Interior has agreed to accept roughly 13,000 of the tribe’s 17,000 acres into trust. Department of the Interior, Record of Decision, May 20, 2008. Once the land is held in trust, it will no longer be subject to state and local taxation. 25 U.S.C. § 465. To be taken into trust, however, the tribe must pay all back taxes, penalties, and interest owed on the land before it will be taken into trust. 25 C.F.R. § 151.13. Accordingly, the practical effect on the Counties of our holding is limited to the 4,000 acres that will remain out of the trust.